IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
17 SEP 28 AM 8:40
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ AD
         DEPUTY CLERK

LUCY BROWN,
        **Plaintiff,**

-vs-

HOME DEPOT U.S.A., INC.,
        **Defendant.**

CAUSE NO.:
A-17-CA-00733-SS

## <u>O R D E R</u>

BE IT REMEMBERED on the 29th day of August 2017, the Court held a hearing in the above-styled cause, and the parties appeared in person or through counsel. Before the Court are Plaintiff Lucy Brown's Motion for Remand [#6] and Defendant Home Depot's Response [#9] thereto, as well as Plaintiff's Supplemental Brief [#12] and Defendant's Supplemental Brief [#13]. Having reviewed the documents, the evidence presented at the hearing, the arguments of counsel, the relevant law, and the file as a whole, the Court now enters the following opinion and order.

### Background

Plaintiff initiated this action in state court against Defendant and Defendant's former employee Amber Ruales on November 20, 2015, alleging Ruales and several other Home Depot employees assaulted and falsely imprisoned Plaintiff on suspicion of shoplifting. Notice Removal [#1-2] (Plaintiff's Original Petition) at 1; *id.* [#1-3] (Plaintiff's Third Amended Petition) at 3. On September 19, 2016, the state court action was called to trial, but the trial date was subsequently reset for August 21, 2017 after the parties failed to empanel a jury. *Id.* [#1] at 3. At the original trial date, both Ruales and Home Depot remained defendants. *Id.*

On February 27, 2017, Defendant emailed Plaintiff asking if Plaintiff would dismiss the personal claims against Ruales, a nondiverse defendant. Mot. Remand [#6-1] Ex. A (February 27, 2017 Email). Defendant conceded all actions by Ruales were within the course and scope of her employment and assured Plaintiff that Ruales had "pledged full cooperation, such that she need not be treated as a nonparty and subpoenaed." *Id.* Defendant also specifically noted "the case has now been pending for more than one year [and] cannot be removed even if there is complete diversity." *Id.*

On July 20, 2017, Plaintiff proposed to dismiss Ruales in exchange for Defendant's cooperation in taking various photographs of the store premises and ensuring Ruales's availability at trial. *Id.* [#6-2] Ex. B (July 20, 2017 Email). Pursuant to this agreement, Plaintiff dismissed Ruales from this action on July 21, 2017. *Id.* [#6-3] Ex. C (July 21, 2017 Email); Notice Removal [#1-3] (Plaintiff's Third Amended Petition) at 3. Defendant then proceeded—more than a year and a half after Plaintiff filed suit—to remove the action to this Court on August 7, 2017. *Id.* [#1].

**Analysis**

**I.    Legal Standard**

District courts have diversity jurisdiction over civil actions between citizens of different States, where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The Supreme Court has interpreted this statute to require "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Further, diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

If an action is not removable based on the parties' initial pleadings, a notice of removal may be filed within thirty days after the defendant receives an amended pleading, motion, order, or other paper from which it may first be ascertained the case has become removable. *Id.* § 1446(b)(3). However, an action may not be removed on the basis of jurisdiction conferred by § 1332 more than one year after commencement of the action, unless the district court finds the plaintiff has acted in bad faith to prevent removal. *Id.* § 1446(c).

Though the Fifth Circuit has not set a definitive standard for determining bad faith under § 1446, most courts focus on whether the plaintiff's conduct demonstrates manipulation of the statutory rules to prevent the defendant from exercising his right to removal. *See Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415 at *5 (E.D. La. July 26, 2017); *Bryson v. Wells Fargo Bank, N.A.*, No. 1:16-CV-28, 2016 WL 1305846 at *5–6 (E.D. Tex. March 31, 2016) (emphasizing focus on "clearly egregious" facts); *see also Johnson v. HCR Manorcare LLC*, No. 1:15CV189, 2015 WL 6511301 at *5 (N.D.W. Va. October 28, 2015) (drawing a distinction between "trial strategy" and bad faith forum manipulation). The burden of showing the plaintiff acted in bad faith is borne by the party seeking removal. *See, e.g., Rantz*, 2017 WL 3188415 at *5; *Bryson*, 2016 WL 1305846 at *5–6; *see also Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (noting any doubts or ambiguities regarding removal "are construed against removal and in favor of remand to the state court").

## II. Application

The current action was pending in state court for over a year and a half before Defendant sought removal to this Court. Nevertheless, Defendant alleges removal under § 1332 is timely because Plaintiff acted in bad faith by improperly joining a nondiverse party, Ruales, to prevent

removal. *See* 28 U.S.C. §§ 1332, 1446(c). The Court finds Defendant has not carried its burden of showing Plaintiff has acted in bad faith, and accordingly, remand is appropriate.

Defendant has failed to identify any "egregious facts" suggesting bad faith forum manipulation by Plaintiff. *Bryson*, 2016 WL 1305846 at *5. Though Defendant claims Plaintiff "never intended to prosecute claims against Ruales individually," Defendant acknowledges Ruales remained a defendant when Plaintiff brought this case to trial in September 2016. *See* Def.'s Resp. [#9] at 1; Notice Removal [#1] at 3. Plaintiff has also previously deposed Ruales regarding her role in detaining Plaintiff on February 12, 2014. *See* Def.'s Resp. [#9] at 2.[1]

This is a far cry from other scenarios in which courts have found bad faith forum manipulation by the plaintiff. For example, in *Lawson v. Parker Hannifin Corp.*, the plaintiff waited seven months after initiating the lawsuit to serve the nondiverse defendant, did not move for a default judgment when the defendant failed to appear, never sought discovery from the defendant, and finally nonsuited the defendant shortly after the expiration of the one-year period for removal. No. 4:13-cv-923-O, 2014 WL 1158880 at *5–6. Similarly, in *Tedford v. Warner Lambert Co.*, the Fifth Circuit found the plaintiff acted in bad faith by joining a nondiverse party hours after learning that the defendant intended to remove the case, despite the plaintiff's inability to state a cognizable claim against the nondiverse party. 327 F.3d 423, 427–28 (5th Cir. 2003).[2] The plaintiff then signed and post-dated a notice of nonsuit prior to expiration of the one-year removal period, but failed to file the document with the court until the one-year removal period had lapsed. *Id.* By contrast, in this case Plaintiff brought arguably meritorious claims

---

[1] The parties' briefing indicates the present action was filed after Plaintiff nonsuited a prior action brought on the same set of facts. *See* Def.'s Resp. [#9] at 2. Ruales was deposed as part of the prior action. *Id.*

[2] Section 1446(c) encompasses the equitable exception to the one-year removal limit applied in *Tedford*. *See Day v. Western World Ins. Co.*, No. 14–00348–BAJ–SCR, 2014 WL 4373301 at *4 (M.D. La. Sept. 3, 2014) ("Whether under *Tedford* or the statute, the legal standards to be applied are the same because the 2011 amendments to the federal jurisdiction statutes simply codified the long recognized jurisprudential equitable-tolling exception to the one-year deadline.").

against Ruales,[3] deposed her regarding her role in detaining Plaintiff,[4] and attempted to empanel a jury in state court while Ruales remained a defendant. *See* Def.'s Supp. Brief [#13] at 1–2; Def.'s Resp. [#9] at 2; Notice Removal [#1] at 3.

Moreover, on February 27, 2017, Defendant explicitly asked Plaintiff to dismiss Ruales from the lawsuit, suggesting Ruales was "no longer needed as a party" because Home Depot was conceding Ruales's actions were within the course and scope of her employment. Mot. Remand [#6-1] Ex. A (February 27, 2017 Email). Defendant also assured Plaintiff the case could not be removed to federal court if Ruales was dismissed. *Id.* Thus, it was Defendant, not Plaintiff, who initiated dialogue regarding the dismissal of Ruales from the suit.[5] When Plaintiff eventually responded to this proposal and negotiated several concessions, Defendant then promptly sought to remove the case to federal court. *See* Mot. Remand [#6] at 6–7.

Finally, Defendant has given no compelling explanation for its decision to wait until eight months after the removal deadline to file a notice of removal with this Court. *See* Def.'s Supp. Br. [#13] at 1–2. Defendant alleges Plaintiff has done nothing to prosecute her claims against Ruales for over three years. Def.'s Resp. [#9]. If Plaintiff's failure to prosecute her claims against Ruales is as readily apparent as Defendant suggests, the Court is at a loss as to why

---

[3] Defendant has never specially excepted to Ruales's inclusion in this lawsuit as a proper defendant. *See* Notice Removal [#1-3] (Defendant Home Depot's Second Amended Answer and Special Exceptions) at 1–7; *see also* Def.'s Supp. Brief [#13] at 1–2 (acknowledging Ruales was proper party to the suit).

[4] *See Johnson v. HCR Manorcare LLC*, No. 1:15CV189, 2015 WL 6511301 at *5 (N.D.W. Va. October 28, 2015) ("[T]he fact that [the dismissed party] was deposed stands in stark contrast to other cases where a defendant's participation was far less substantial.").

[5] Defendant's notice of removal fails to mention Defendant asked for dismissal of Ruales from the lawsuit, instead painting the parties' agreement to dismiss Ruales as a proposal originating entirely with Plaintiff. *See* Notice Removal [#1] at 5.

5

Defendant waited almost eight months after the removal deadline before using § 1446(c)'s bad faith exception to remove the case to federal court.[6]

## Conclusion

In these circumstances, the Court finds Defendant has failed to carry its burden of demonstrating Plaintiff engaged in bad faith forum manipulation. *See* 28 U.S.C. § 1446(c). Therefore, the Court GRANTS Plaintiff's Motion for Remand.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Remand [#6] is GRANTED.

SIGNED this the 27th day of September 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[6] Defendant's response suggests the real reason for delay in removing the action lies in Defendant's own ignorance of applicable law. *See* Def.'s Resp. [#9] at 3; *see also Shriver v. Sprintcom., Inc.*, 167 F. Supp. 2d 962, 964 (S.D. Tex. 2001) (noting with respect to dilatory removal that "[e]quity aids the vigilant and not those who slumber on their rights").